UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TACOMA COMMUNITY COLLEGE,<br><br>　　　　　Defendant. | CASE NO. C11-5151BHS<br><br>ORDER |

　　This matter comes before the Court on Defendant Tacoma Community College's ("TCC") Motion for Relief Under CR 11 (Dkt. 23), Plaintiff Barbara Stuart Robinson's ("Robinson") Motion for Summary Judgment (Dkt. 26), Robinson's Motion to Strike (Dkt. 33), and TCC's Motion to Deem Plaintiff Vexatious (Dkt. 38). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file. The Court grants TCC's motion for sanctions, denies Robinson's motion for summary judgment, and denies without prejudice TCC's motion to declare Plaintiff a vexatious litigant.

**I. PROCEDURAL HISTORY**

　　On March 3, 2011, Robinson filed a complaint against TCC alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–65; § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794; and RCW 49.60.030. Dkt. 5.

ORDER - 1

On March 21, 2011, Robinson filed a motion for default. Dkt. 19. TCC filed its answer that same day. Dkt. 20. On March 22, 2011, TCC responded to Robinson's motion. Dkt. 21. On March 29, 2011, the Clerk denied Robinson's motion for default by minute order. Dkt. 28.

On March 22, 2011, TCC filed a Motion for Relief Under CR 11. Dkt. 23. On March 25, 2011, Robinson responded. Dkt. 27. On April 6, 2011, TCC replied. Dkt. 32.

On March 23, 2011, Robinson filed a Motion for Summary Judgment. Dkt. 26. On April 11, 2011, TCC responded. Dkt. 34. On April 14, 2011, Robinson replied. Dkt. 45.

On April 13, 2011, TCC filed a Motion to Deem Plaintiff Vexatious. Dkt. 38. On April 14, 2011, Robinson responded. Dkt. 46. On May 4, 2011, TCC replied. Dkt. 48.

## II. FACTUAL BACKGROUND

### A. The Instant Action

Robinson was an enrolled student at TCC in the spring quarter of 2010. Dkt. 36, Declaration of April Reid ("Reid Dec."), ¶ 3. On April 21, 2010, TCC alleges that Robinson engaged in threatening and disorderly conduct towards other students. *Id*. On April 22, 2010, TCC conducted an initial suspension hearing and, after the hearing, TCC placed Robinson on academic suspension for one quarter because the hearing officer found that Robinson had violated the student conduct code. *Id*.

On April 30, 2010, TCC conducted a follow-up hearing. *Id*. ¶ 4. Ms. Reid states that Robinson exhibited the same aggressive behavior at the hearing that Robinson had engaged in on April 21, 2010. *Id*. Ms. Reid sent Robinson a letter notifying Robinson of the suspension as well as Ms. Reid's "concerns regarding [Robinson's] inappropriate behavior" at the follow-up hearing. *Id*. The letter stated that Robinson's conduct toward the other students on April 21, 2011, violated two provisions of the TCC Student Conduct Code:

      a. WAC 132V-120-050(1) (engaging in physically and/or verbally abusive conduct which threatens bodily harm or endangers the health or safety of others); and
      b. WAC 132V-120-050(2) (engaging in disorderly, lewd, indecent, or obscene conduct).

*Id*. ¶ 3. In addition to the suspension, TCC imposed the following sanction on Robinson:

> You may re-enroll as a student at [TCC] under the condition that you provide documentation of a medical evaluation and an active treatment plan for bi-polar disorder and manic depression. This documentation must be presented to Dolores Haugen in the Student Services Administration office in Building 7.

*Id*., Exh. A.

On March 28, 2011, after Robinson initiated this action, TCC's Vice President of Student Services, Mary Chikwinya, sent Robinson a letter clarifying the issues regarding Robinson's suspension. Dkt. 37, Declaration of Mary Chikwinya ("Chikwinya Dec."), Exh. B. Ms. Chikwinya stated that the basis for Robinson's suspension was "behaviors [Robinson] demonstrated that were threatening to staff and disrupting of the teaching and learning environment at TCC." *Id*. TCC dropped the requirement of a medical evaluation for Robinson's bi-polar disorder and manic depression. Instead, Ms. Chikwinya asserted that TCC would "require assurance that [Robinson's] disruptive behavior has been addressed . . . ." *Id*.

Ms. Chikwinya also addressed "comments [Robinson] made in one class in which [Robinson] indicated that [she was] 'manic-depressive' and 'bi-polar.'" *Id*. Ms. Chikwinya asserted that Robinson has never provided TCC with any documentation of a disability or a request for reasonable accommodation. *Id*.

**B.   Previous Actions**

TCC contends that Robinson has filed three "meritless" lawsuits against state agencies in the last calendar year. Dkt. 38 at 1. First, on January 19, 2010, Robinson filed a lawsuit against Green River Community College ("GRCC") under cause number C10-0012 MAT. Dkt. 39, Declaration of Jon R. Morrone ("Morrone Dec."), Exh. 2. In

ORDER - 3

that lawsuit, Robinson alleged that GRCC discriminated against her on the basis of an alleged disability. *Id*. The claim arose when Robinson, an enrolled student at GRCC, was academically dismissed for violating the Student Conduct Code when she harassed and threatened fellow students, and subsequently raised safety concerns. *Id*.; *see also id*., Exhs. 27 & 28. GRCC notified Robinson that her behavior was the basis of the suspension, and Robinson pursued litigation against GRCC. *Id*. Coupled with her complaint, Robinson attached a letter from the United States Department of Homeland Security, wherein Robinson was warned about behavior exhibited while in an EEOC office. *Id*., Exh. 29. Specifically, Robinson was threatening the safety of those in the office. *Id*.

Throughout the course of the GRCC action, TCC claims that Robinson filed numerous pleadings that were vague, confusing, and baseless. Dkt. 38 at 2. For instance, Robinson filed a motion for default three days after GRCC's attorney filed his notice of appearance, only to withdraw the motion after (1) the court directed GRCC to respond; (2) GRCC spent a considerable amount of time responding, and (3) Robinson admitted that the motion was frivolous. *Id*.; *see also id*., Exh. 9. Robinson also filed some documents that directed the US Department of Education to contact GRCC's attorney for debt collection purposes. *Id*., Exhs. 24 & 25.

In the second action, Robinson filed a complaint against the Washington State Department of Corrections ("DOC") that became cause number C10-5652 RBL. In that lawsuit, Robinson claimed that she was entitled to recover damages from injuries she allegedly sustained during an incident at a DOC facility. Morrone Dec., Exh. 34. Robinson was delivering papers to her supervising correctional officer when she began to cause a disruption in a crowded DOC office. *Id*., Exh. 32, pp. 3:22 - 4:14. Ultimately, Robinson refused to comply with requests that she calm down, and she was escorted from the premises. *Id*.

ORDER - 4

On January 5, 2011, the Honorable Ronald B. Leighton granted DOC's CR 12(b)(6) motion on January 5, 2011. *Id*., Exh. 43. In granting the motion, Judge Leighton warned Robinson about her inappropriate behavior. *Id*., Exhibit 32, pp. 8:16 - 9:11. Specifically, Judge Leighton notified Robinson that she had been harassing and combative with court personnel, and warned her about such behaviors. *Id*. DOC asked that Judge Leighton deem Robinson a vexatious litigant, and that request was taken under advisement. *Id*., pp. 13: 11 - 15 :4. Robinson is appealing the order dismissing this case. *Id*., Exh. 44.

## III. DISCUSSION

**A.   Motion to Strike**

Robinson moves to strike TCC's reply to TCC's motion for relief under CR 11 (Dkt. 32) because, in the heading of the brief, TCC states that the action is in the court "AT SEATLE." Dkt. 33.  The argument is meritless and the motion is frivolous. Moreover, the Court advises Robinson to abide by the formatting requirements of Local Civil Rule 10 when drafting her pleadings.  A copy of the local rules can be found at http://www.wawd.uscourts.gov/referencematerials/localrules.htm.

Therefore, the Court denies Robinson's motion to strike.

**B.   Rule 11**

Pleadings filed with the court shall not include frivolous contentions or arguments. Fed. R. Civ. P. 11(b).  The court may impose sanctions against parties that violate subsection 11(b). Fed. R. Civ. P. 11(c).  "Rule 11 applies both to represented and *pro se* litigants." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2nd Cir. 1989).

In this case, TCC argues that Robinson's motion for default was frivolous and requests that the Court impose sanctions against Robinson such that Robinson should reimburse TCC for the time TCC's attorney spent in responding to the motion. Dkt. 23 at 3. TCC asserts that it was properly served with the summons and complaint on March 7,

ORDER - 5

2011, and, pursuant to Fed. R. Civ. P. 12(a)(1), TCC was required to respond by March 28, 2011. *Id*. at 2. TCC argues that Robinson's motion for default was frivolous because the motion was filed on March 21, 2011, seven days before TCC was required to respond to the complaint. *Id*. at 3. Robinson contends that she mailed her complaint on February 24, 2011, and that TCC had a reasonable amount of time to respond to her complaint. Dkt. 27 at 1.

Although a premature motion for default by a *pro se* litigant would arguably not be frivolous, Robinson has previously been informed, in great detail, how to serve a state agency defendant. In *Stuart-Robinson v. Green River Community College, et al.*, Western District of Washington, Cause No. 10-0112, the Honorable Mary Alice Theiler, United States Magistrate Judge, issued an order that outlined service of a state agency under Fed. R. Civ P. 4 and RCW 4.92.020. *Id*., Dkt. 64. Specifically, Judge Theiler stated Robinson's service was improper as follows:

> In this case, it is undisputed that plaintiff did not serve defendant in accordance with Rule 4(J)(2). Instead, plaintiff submitted her Summons and Complaint to defendant and the Washington State Attorney General only by way of certified mail.

*Id*. at 3, ll. 7-9. Therefore, the Court finds that Robinson was aware that mailing the complaint was not proper service and that her motion for default was premature and frivolous. The Court grants TCC's motion and imposes sanctions on Robinson in the amount of $525, which is three hours of work at a rate of $175 per hour.

**C.    Summary Judgment**

Robinson's briefs are a mixture of allegations, unfounded conclusions, and cites to what seem to be irrelevant legal authorities. Basically, they are difficult to read and comprehend. It appears, however, that Robinson argues that TCC's requirement that she provide a mental health evaluation before TCC would allow her to re-enroll at TCC violated the ADA and RA. *See* Dkts. 26 & 45. TCC counters that the Court should deny

ORDER - 6

Robinson's motion because (1) Robinson has failed to submit admissible evidence in support of her motion and (2) Robinson has failed to establish a prima facie case of discrimination under either the ADA or RA. Dkt. 34.

### 1. Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at

ORDER - 7

trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### 2. Robinson's Motion

Title II of the ADA prohibits discrimination on the basis of disability by public entities, while § 504 of the RA prohibits disability discrimination in federally-funded programs. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

To establish a prima facie case of a Title II ADA violation, Robinson must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to TCC's services, programs, or activities; and (3) the exclusion or discrimination was by reason of her disability. *Id*. at 1052 (citing *Weinreich v. Los Angeles County Metro Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)). An RA violation requires a similar showing, as Robinson must demonstrate that she (1) is handicapped within the meaning of the RA; (2) is otherwise qualified for the benefits or services sought; (3) was denied the benefits or services solely by reason of her handicap; and that (4) TCC receives federal financial assistance. *Id*.

First, Robinson has failed to submit admissible evidence that she is either a qualified individual with a disability or is handicapped within the meaning of the RA. Therefore, the Court denies Robinson's motion for summary judgment because she has failed to show that she is entitled to judgment as a matter of law under the ADA or the RA.

Second, even if Robinson provided admissible evidence of a disability, Robinson has failed to show that she was denied benefits or services because of her disability. TCC has submitted declarations that TCC suspended Robinson because of Robinson's conduct

ORDER - 8

toward students and staff. At a minimum, this creates a question of fact whether TCC based its decision to exclude Robinson because of her conduct or her disability. Therefore, the Court denies Robinson's motion for summary judgment because she has failed to show that there are no material questions of fact regarding her claims.

**D.    Vexatious Litigant**

The Court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007), citing 28 U.S.C. § 1651(a). However, because a pre-filing order implicates a litigant's right of access to the courts, the Court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id*. Prior to entering a pre-filing order, the Court must give the litigant notice and an opportunity to be heard. *Id*. The Court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id*. at 1059. In determining whether the litigant's conduct is frivolous or harassing, the Court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*.

In this case, TCC requests that the Court deem Robinson a vexatious litigant and issue a narrowly tailored injunction that would require judicial screening and approval for any future filing by Robinson. The Court is hesitant to find that this action is frivolous and/or harassing. Based on the allegations currently before the Court, TCC required Robinson to produce a mental health evaluation before accepting her re-enrollment without any knowledge of Robinson having bi-polar disorder or any other mental illness. Therefore, the Court denies TCC's motion without prejudice and may entertain a subsequent motion after further development of the record.

## IV. ORDER

Therefore, it is hereby **ORDERED** that TCC's Motion for Relief Under CR 11 (Dkt. 23) is **GRANTED**, Robinson's Motion for Summary Judgment (Dkt. 26) is **DENIED**, Robinson's Motion to Strike (Dkt. 33) is **DENIED**, and TCC's Motion to Deem Plaintiff Vexatious (Dkt. 38) is **DENIED without prejudice**.

DATED this 17th day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 10