UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA STUART ROBINSON,

    Plaintiff,

v.

TACOMA COMMUNITY COLLEGE,

    Defendant.

CASE NO. C11-5151BHS

ORDER DENYING
PLAINTIFF'S MOTIONS AND
IMPOSING SANCTIONS

This matter comes before the Court on Plaintiff Barbara Stuart Robinson's ("Robinson") motion to show cause (Dkt. 68) and motion of error (Dkt. 69). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 3, 2011, Robinson filed a complaint against Defendant Tacoma Community College ("TCC") alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–65; § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794; and RCW 49.60.030. Dkt. 5.

On May 24, 2011, Robinson filed a motion to show cause. Dkt. 68. On May 25, 2011, Robinson filed a motion of error. Dkt. 69. On May 31, 2011, TCC responded to both motions. Dkt. 70.

ORDER - 1

## II. DISCUSSION

**A.　Robinson's Motions**

Robinson's motion to show cause contains a recital of a portion of the docket, no argument, and no comprehensible request for Court action. Therefore, the Court denies the motion as frivolous.

Robinson's motion of error relates to the category under which the complaint was classified. Robinson asserts that her case was filed as a 445 case, which is classified as a Americans with Disability Act Employment case on the JS 44 civil cover sheet. Robinson states that her case should be filed as a 446 case, which is the category for an American with Disabilities Act case other than employment. Based on this possible error, Robinson argues that the Court could have improperly denied her motion for summary judgment. The Court, however, addressed the merits of Robinson's motion and in no way whatsoever could or did the classification of her case influence the Court's consideration of the merits. Therefore, Robinson's motion of error is also denied as fivolous.

**B.　Rule 11**

TCC argues that most of Robinson's recent "pleadings are incomprehensible, and several appear to be a variety of motions." Dkt. 70 at 1. TCC requests that the Court notify TCC if a response is necessary. *Id*.

Federal Rule of Procedure 11(b) governs representations made to the Court and reads in part as follows:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

ORDER - 2

      (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
      (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Court may impose an appropriate sanction on any party that has violated the rule. Fed. R. Civ. P. 11(c).

The Court finds that Robinson has violated Rule 11(b) with her numerous incomprehensible and frivolous filings. The Court also finds that an appropriate sanction is the Court's *sua sponte* review of future Robinson filings. If the Court determines a filing is an appropriate motion or request for relief, the Court will note it accordingly. Otherwise, the filing will simply become part of the case file. The Court also warns Robinson that future frivolous filings may likely result in additional sanctions.

### III. ORDER

Therefore, it is hereby **ORDERED** that Robinson's motion to show cause (Dkt. 68) and motion of error (Dkt. 69) are **DENIED** and the sanction of judicial review of Robinson's filings shall be imposed for the remainder of this action or until the Court vacates or alters the sanctions.

DATED this 13th day of June, 2011.

                                        BENJAMIN H. SETTLE
                                        United States District Judge