UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA STUART ROBINSON,

    Plaintiff,

v.

TACOMA COMMUNITY COLLEGE,

    Defendant.

CASE NO. C11-5151BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS

This matter comes before the Court on Defendant Tacoma Community College's ("TCC") motion for sanctions (Dkt. 96). The Court has reviewed the briefs filed in support of and in opposition to the motion, Plaintiff Barbara Stuart Robinson's ("Robinson") other cases in this district, and the remainder of this file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

**A.  Instant Case**

On March 3, 2011, Plaintiff Barbara Stuart Robinson ("Robinson") filed a complaint against TCC alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–65; § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794; and RCW 49.60.030. Dkt. 5.

On March 21, 2011, Robinson filed a motion for default. Dkt. 19. On March 29, 2011, the Clerk denied Robinson's motion for default by minute order. Dkt. 28. On March 22, 2011, TCC filed a Motion for Relief Under CR 11. Dkt. 23. On March 23,

ORDER - 1

2011, Robinson filed a Motion for Summary Judgment. Dkt. 26. On April 13, 2011, TCC filed a Motion to Deem Plaintiff Vexatious. Dkt. 38.

On May 17, 2011, the Court (1) denied Robinson's motion for summary judgment because she failed to submit admissible evidence in support of every element of her claims; (2) granted TCC's motion for sanctions because Robinson had notice that her motion for default was premature and frivolous; and (3) denied, without prejudice, TCC's motion to deem Robinson vexatious because the record was not fully developed. Dkt. 54. On May 18, 2011, Robinson appealed that order. Dkt. 58. On June 29, 2011, the Ninth Circuit dismissed Robinson's appeal for lack of jurisdiction. Dkt. 73.

On August 8, 2011, TCC filed a motion for summary judgment. Dkt. 80. On September 29, 2011, the Court granted TCC's motion because Robinson failed to submit any admissible evidence that (1) she informed TCC that she was a qualified individual with a disability or (2) TCC discriminated against her because of her disability. Dkt. 89.

On October 6, 2011, TCC filed a motion for sanctions requesting minimal reimbursement for defending this action and a bar order preventing Robinson from filing any new complaint without judicial review. Dkt. 96.

**B.    Other Cases**

Since 2010, Robinson has filed nine cases, in addition to the present one, in this court. *See Stuart-Robinson v. Green River Community College*, C10-0112MAT (Robinson granted *in forma pauperis* ("IFP") status; case dismissed on summary judgment; appeal pending); *Robinson v. Hampton*, C10-5189BHS (Robinson granted IFP status; case dismissed on motion for judgment on the pleadings); *Robinson v. State of Washington Department of Corrections*, C10-5652RBL (Robinson granted IFP; case dismissed for lack of jurisdiction; appeal pending); *Robinson v. Department of Corrections State of Washington*, C10-5861RBL (application to proceed IFP filed; case stayed pending appeal of C10-5652RBL); *Robinson v. NW Advanced Communications*

ORDER - 2

*Services Corp.*, C10-5919RBL (Robinson's application to proceed IFP denied; case dismissed as frivolous and for failure to state a claim); *Robinson v. Pierce Transit*, C10-5929BHS (application to proceed IFP granted; case dismissed with prejudice); *Robinson v. City of Tacoma Police Department*, C11-5014RJB (application to proceed IFP denied and case dismissed; IFP denied on appeal as frivolous, and appeal dismissed for failure to perfect appeal); *Robinson v. Washington State Office of Financial Management, Risk Management Division*, C11-5462RJB (application to proceed IFP denied and case dismissed; IFP denied on appeal as frivolous, and appeal dismissed for failure to perfect appeal); *Robinson v. City of Puyallup Police Department*, C11-5772RBL (application to proceed IFP denied, case dismissed as frivolous and for failure to state a claim, appeal dismissed for failure to pay filing fees).

A review of these dockets shows that defendants have engaged in significant motion practice to respond to actions that were ultimately determined to be frivolous. For example, the State of Washington claims that it has spent $72,057.00 in attorney, investigator, and paralegal fees defending against Robinson's lawsuits. Dkt. 97, Declaration of Jon R. Morrone, ¶ 10.

## II. DISCUSSION

TCC moves for monetary sanctions as well as a bar order preventing Robinson from filing complaints without prior judicial review. Dkt. 96.

**A.    Monetary Sanctions**

Under Fed. R. Civ. P. 11, sanctions should be "limited to what suffices to deter repetition of the conduct" and "may include nonmonetary directives" as well as "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11 (c)(4).

In this case, the Court finds that monetary sanctions are inappropriate and would not deter Robinson's conduct. The Court has already determined that Robinson has

limited financial means as she has been granted IFP status numerous times. Impacting her financial status further is unlikely to prevent frivolous complaints accompanied by motions to proceed IFP. Therefore, the Court denies TCC's motion for sanctions in the form of reimbursement for defending this action.

**B.     Bar Order**

The All Writs Act expressly states that district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Ninth Circuit has interpreted this statute to provide "district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citation omitted); *see also De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("Under the power of 28 U.S.C. § 1651(a) [], enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take"). Therefore district courts clearly have jurisdiction "'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Id*. at 1147 (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)).

"[S]uch pre-filing orders are an extreme remedy that should rarely be used" because the sanction "can tread on a litigant's due process right of access to the courts." *Molski*, 500 F.3d at 1057 (citation omitted). The Ninth Circuit has outlined four factors for district courts to examine before entering pre-filing orders. *See De Long*, 912 F.2d at 1147-48; *Molski*, 500 F.3d at 1057. First, a litigant must be provided with an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147. Second, the district court must create an adequate record for review. *Id*. Third, the district court must make substantive findings as to the frivolousness or harassing nature of the litigant's actions.

*Id*. at 1148.  Lastly, the order must be narrowly tailored to closely fit the specific vice encountered.  *Id*.  Accordingly, the Court discusses these four factors below.

### 1. Notice

"'Due process requires notice and an opportunity to be heard.'"  *De Long*, 912 F.2d at 1147 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)).  An individual has fair notice of the possibility that she might be declared a vexatious litigant where defendants file a motion to that end.  *Molski*, 500 F.3d at 1058.

In this case, TCC has filed two motions requesting that Robinson be declared a vexatious litigant.  The Court denied the first motion because the record was not sufficiently developed to support such a finding.  Thus, Robinson had notice at an early stage of this proceeding that TCC was seeking an extreme and rarely implemented sanction against her.  Moreover, Robinson received the instant motion and has filed a response.  Therefore, the Court finds that Robinson has been given adequate notice and opportunity to oppose TCC's request for a bar order.

### 2. Record for Review

"An adequate record for review should include a listing of all the cases and motions that [leads] the district court to conclude that a vexatious litigant order [is] needed."  *De Long*, 912 F.2d at 1147 (citing *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984)).  At a minimum, the record needs to show, in some manner, that the litigant's activities are numerous or abusive.  *De Long*, 912 F.2d at 1147.

In this case, the Court has listed the ten cases that Robinson has filed in the last two years.  Many of them have been dismissed as frivolous.  Moreover, many of her appeals have been either dismissed as frivolous or for failure to perfect the appeal.  With regard to frivolous motions, a review of this docket evidences numerous irrelevant, improper, and/or frivolous filings by Robinson.  *See, e.g.*, Dkt. 10 (filing entitled "COURT REVIEW OF ABUSE OF DISCRETION TO ERRONEOUS FINDINGS OF

MATERIAL FACT RULINGS WITH THE RULES"), Dkt. 11 (filing entitled "NOTICE AND REQUEST OF ADMISSIONS OF JUDICIAL ADJUDICATIVE REVIEW"), Dkt. 19 (premature motion for default), Dkt. 79 (filing entitled "NOTICE OF ABUSE OF DISCRETION re: Order on Motion to Stay, Mandate of USCA, Order of USCA"), Dkt. 101 (filing entitled "ABUSE OF DISCRETION OF FACT AND LAW"), and Dkt. 108 (filing entitled "MOTION for Relief AND NOTICE OF CONTEMPT "). Therefore, the Court finds that there is an adequate record of Robinson's numerous, abusive activities.

### 3. Frivolousness and Harassing Nature

Before a district court issues a pre-filing injunction, "it is incumbent on the court to make 'substantive findings as to the frivolousness or harassing nature of the litigant's actions.'" *De Long*, 912 F.2d at 1148 (quoting *Powell*, 851 F.2d at 431). With respect to frivolousness, a district court must "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148 (quoting *Powell*, 851 F.2d at 431). "'An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also patently without merit.'" *Molski*, 500 F.3d at 1059 (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)).

In this case, the record shows that Robinson's filings are both frivolous and numerous. Even when Robinson was on notice that TCC was seeking an order declaring her to be considered a vexatious litigant, Robinson continued to file numerous irrelevant or improper motions in this case as well as other new complaints that were dismissed as frivolous. Moreover, Robinson appealed numerous decisions of the district court and the appeals were dismissed as frivolous and/or for failure to perfect. It also appears that Robinson's filings are becoming more frivolous over time. For example, while some of Robinson's complaints have proceeded to dispositive motions, more recent filings have been dismissed by the Court *sua sponte* in a matter of days. *See, e.g. Robinson v.*

*Washington State Office of Financial Management, Risk Management Division*, C11-5462RJB (IFP application and proposed complaint filed on June 15, 2011; IFP denied and complaint dismissed as frivolous on June 17, 2011).  These actions support the conclusion that Robinson's intent is to harass various government entities and overwhelm the Court with unnecessary and meritless motions and/or filings.  Therefore, the Court finds that there exists more than sufficient evidence that Robinson's filings are frivolous and harassing in nature.

### 4. Breadth

Where a court enters a pre-filing order, the order must be narrowly tailored to closely fit the specific vice encountered.  *De Long*, 912 F.2d at 1148.  "Narrowly tailored orders are needed 'to prevent infringement on the litigator's right of access to the courts.'"  *Id*. (quoting *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). The pre-filing restriction must fit the plaintiff's specific practices.  *See, e.g., Wood*, 705 F.2d at 1525 (finding that the injunction must describe in reasonable detail the act or acts sought to be restrained).

In this case, TCC requests that the Court enter a pre-filing order that Robinson "shall be barred from filing new actions without an order from the appropriate federal judicial officer certifying that claims are not frivolous."  Dkt. 96 at 6.  The Court finds that this sanction is overbroad because it is not tailored to prevent the specific vice encounter by TCC.  *See Moy*, 906 F.2d at 470 (an order requiring a plaintiff to obtain leave of court to file any suit was overly broad when the plaintiff had only been highly litigious with one group of defendants).  Robinson has been vexatiously litigious against government entities such as city police departments, community colleges, and state agencies.  Therefore, the Court finds that the appropriate breadth of any remedy shall be limited to the protection of government agencies and their employees when acting in their official capacity.

## III.  ORDER

Therefore, it is hereby **ORDERED** that TCC's motion for sanctions (Dkt. 96) is **GRANTED in part** and **DENIED in part**.  Specifically, Barbara Stuart Robinson is hereinafter declared a vexatious litigant in this district and may not file any claim in the Western District of Washington against any government agency, or its employees when acting in their official capacity, without leave of court.  When seeking leave of Court, Robinson must submit a separate document that (1) states why the claims are not frivolous and (2) certifies that the claims she wishes to present are new claims never before raised and disposed of on the merits by any federal court. Upon failure to certify or upon a false certification, petitioner may be found in contempt of court and punished accordingly.

DATED this 7th day of December, 2011.

BENJAMIN H. SETTLE
United States District Judge